IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   12-cv-00375-WYD-KMT

MICHAEL A. COLLINS,

    Plaintiff,

v.

BAC HOME LOANS SERVICING LP, a/k/a BANK OF AMERICA N.A., a/k/a COUNTRYWIDE HOME LOANS SERVICING LP, and its agents, employees and affiliates individually "whose true names are unknown,"

    Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

THIS MATTER is before the Court in connection with Bank Of American's [sic] Motion For Summary Judgment [ECF No. 13], filed on March 1, 2012, and Plaintiff's Motion For Leave To Withdraw And To File An Amended Response Concerning BAC Home Loans Servicing LP Motion For Summary Judgment [ECF No. 48], filed on September 25, 2012.  Because the plaintiff, Michael A. Collins, proceeds *pro se*, I referred all motions to Magistrate Judge Tafoya [ECF No. 17].  On October 30, 2012, Magistrate Judge Tafoya issued a Recommendation as to Bank of America's ("BA") motion for summary judgment and Collins's motion for leave to file an amended response to BA's motion for summary judgment [ECF No. 53].  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LR. 72.1.

**BACKGROUND**

This suit arises from Collins's interactions with several credit reporting agencies ("CRA") in connection with the foreclosure of two investment properties that Collins purchased in 2005, which were funded by loans from Countrywide Home Loans ("Countrywide"). Collins offered the investment properties as collateral for the loans issued by Countrywide. Collins eventually failed to make mortgage payments, and the properties were foreclosed. On July 15, 2008, Collins filed a lawsuit in Colorado state court, *pro se*, against Countrywide, which was later removed to the United States District Court for the District of Colorado.[1] In that lawsuit, Collins asserted the following claims against Countrywide: (1) negligence; (2) breach of contract; (3) breach of implied/express warranties; (4) fraud and fraudulent misrepresentation; (4) breach of fiduciary duty; (5) violations of COLO. REV. STAT. § 38-40-105[2]; and, (6) violations of COLO. REV. STAT. § 6-1-105.[3] All of Collins's claims arose from his failure to make mortgage payments and the subsequent foreclosure of his investment properties. On June 23, 2009, Judge Blackburn of the United States District Court for the District of Colorado affirmed and adopted Magistrate Judge Mix's Recommendation that Collins's claims against Countrywide be dismissed. *See* 08-cv-01709-REB-KLM, ECF No. 110. The case was administratively closed on August 28, 2009. *Id.* at ECF No. 119.

On December 29, 2011, Collins filed this suit in Colorado state court, *pro se*, against Bank of America in connection with negative credit reports which resulted from

---

[1] *Collins v. Ace Mortgage Funding, LLC et al.*, 08-cv-01709-REB-KLM.

[2] This statute outlines prohibited acts in certain mortgage loan transactions *i.e.*, "unconscionable" acts.

[3] This statute defines the type of behavior that is characterized as "deceptive trade practices."

Countrywide's foreclosure on Collins's investment properties.[4] Collins alleges eight claims against BA: (1) willful violation of § 1681n[5] of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*; (2) negligent violation of § 1681o[6] of the FCRA; (3) a violation of Colorado's Uniform Consumer Credit Code ("UCCC"), Colorado Revised Statutes § 5-5-101, *et seq.*; (4) negligence; (5) negligence *per se*; (6) violation of the Colorado Consumer Protection Act ("CCPA"), COLO. REV. STAT. § 6-1-101, *et seq.*, (7) invasion of privacy by intrusion upon seclusion; and, (8) infliction of emotional and mental distress. On March 1, 2012, BA filed a motion for summary judgment arguing that it is entitled to judgment as a matter of law and that Collins's claims should be

---

[4] *Michael A. Collins, individually, v. BAC Home Loans Servicing LP., et al.*, Arapahoe County District Court, State of Colorado, Case No. 2011CV2568.

[5] Pursuant to 15 U.S.C. § 1681n(a):

> (a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USCS §§ 1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of--
>   (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or
>       (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $ 1,000, whichever is greater;
>   (2) such amount of punitive damages as the court may allow; and
>   (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

[6] Pursuant to 15 U.S.C. § 1681o(a):

> (a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title [15 USCS §§ 1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of--
>   (1) any actual damages sustained by the consumer as a result of the failure; and
>   (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

dismissed. ECF No. 13.  On September 25, 2012, Collins filed a motion requesting leave to file an amended response to BA's motion for summary judgment. ECF No. 48.

Magistrate Judge Tafoya denied Collins's motion for leave to file an amended response and recommends that I grant BA's motion for summary judgment and dismiss all of Collins's claims. ECF No. 53.  The following is a summary of Magistrate Judge Tafoya's Recommendation.

## ANALYSIS

**A. Claims 1 & 2: alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681,** *et seq.*

Collins alleges that BA had an affirmative duty under the FCRA to report his debt as "disputed" because he spoke with representatives from CRAs such as Equifax, Experian, and Trans Union and challenged his debt.  Magistrate Judge Tafoya correctly stated that a "furnisher," one who gives information to a credit reporting agency, has an affirmatively duty to report a debt as "disputed" only when the consumer, in this case, Collins, disputes the debt directly with the furnisher. 15 U.S.C. § 1681s-2(a)(3) ("[i]f the completeness or accuracy of any information furnished by any person to any consumer reporting agency *is disputed to such person by a consumer*, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer") (emphasis added).  Here, BA is a furnisher because it gave information to CRAs such as Equifax, Experian, and Trans Union.  Collins never contacted BA and disputed his debt.  Rather, Collins disputed his BA debt with Equifax, Experian, and Trans Union.  Because Collins did not dispute his BA debt directly with BA, Magistrate Judge Tafoya found § 1681s-2(a) does not apply to his claims.

Collins also argues that BA was unreasonable in its investigation of his debt

because had BA conducted a proper investigation, it could have discovered that Collins challenged his debt and then could have reported the debt as disputed.  When a furnisher receives notice from a CRA that a consumer debt is disputed, the furnisher is required to conduct an investigation into the claim and report back to the CRA. 15 U.S.C. §§ 1681s-2(b)(1)(A)-(C).  If the furnisher finds an error, it must notify all the CRAs to which it reports, inform them of the error, and either modify, delete, or permanently block reporting of the error. 15 U.S.C. §§ 1681s-2(b)(1)(D), (E).  Magistrate Judge Tafoya concluded that because Collins only challenged whether he was responsible for the debt, BA needed only to confirm that:  (1) Collins owed Countrywide a debt; (2) Collins failed to pay Countrywide; and, (3) BA, by way of buying Countrywide, foreclosed on the security interest tied Collins's debt *i.e.*, the investment properties.  Ruth Joseph, BA's Assistant Vice President of Operations Team Lead, declared in her affidavit that BA investigated and confirmed Collins's debt at least six different times as a result of CRA inquiries regarding his debt. ECF No. 13-2, p. 3, ¶ 13. Magistrate Judge Tafoya found BA's investigations were sufficient under 15 U.S.C. §§ 1681s-2(b)(1)(A)-(C), and recommends that summary judgment be granted in favor of BA for any claims asserted under the FRCA.

### B. Claims 3 & 5:  alleged violations of Colorado's Uniform Consumer Credit Code, COLO. REV. STAT. § 5-5-101, et seq.

Collins alleges that BA violated the UCCC by failing to report his debt as "disputed."  Collins also alleges that BA was *per se* negligent with respect to UCCC § 5-5-109.[7]  Magistrate Judge Tafoya held that the FCRA preempts any cause of action under the UCCC.

---

[7] UCCC § 5-5-109 addresses how a court may deal with "unconscionable" debt collection practices.

With respect to Collins's allegation that BA failed to report his debt as disputed, Magistrate Judge Tafoya held that FCRA § 1681t(b)(1)(F) preempts that claim. Pursuant to § 1681t(b)(1)(F), no requirements or prohibitions may be imposed under the laws of any state with respect to subject matter related under "section 623 [15 USCS § 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . " Magistrate Judge Tafoya stated that "[s]ection 1681t(b)(1)(F) explicitly removes the subject matter of section 1681s-2 from state regulation . . . " ECF No. 53, p. 18, ¶ 1. Thus, the FCRA preempts any state law claim regarding BA's alleged failure to report Collins's debt as disputed.

With respect to Collins's *per se* negligence claim, Magistrate Judge Tafoya held that FCRA § 1681h(e) preempts that claim. Pursuant to § 1681h(e):

> Limitation of liability. Except as provided in sections 616 and 617 [15 USCS §§ 1681n and 1681o], no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 609, 610, or 615 [15 USCS § 1681g, 1681h, or 1681m], or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report[,] except as to false information furnished with malice or willful intent to injure such consumer.

Magistrate Judge Tafoya held that because the language of § 1681h(e) explicitly preempts any state law negligence claim, Collins's state law negligence claim cannot stand.

Thus, Magistrate Judge Tafoya found that the FCRA preempts Collins's Colorado state law claims brought under the UCCC.

**C. Claims 4 & 7:  negligence and invasion of privacy**

Collins alleges common law claims of negligence and invasion of privacy. Magistrate Judge Tafoya found that FCRA § 1681h(e), the same FCRA section that preempts Collins's state law *per se* negligence claim under the UCCC, preempts his negligence and invasion of privacy claims.  Section 1681h(e)'s language specifically precludes a consumer from bringing state law negligence and invasion of privacy claims, "*except as to false information furnished with malice or willful intent to injure such consumer.*" 15 U.S.C. § 1681h (emphasis added).  While Collins alleges BA's conduct was "willful and wantonly negligent," Magistrate Judge Tafoya held that Collins failed to prove any malice or willfulness on the part of BA.  Because Collins failed to prove any malice or willfulness element, Collins's claims fall back into the general common law claims preempted by § 1681h(e).  Thus, Magistrate Judge Tafoya concluded that the FCRA preempts Collins's negligence and invasion of privacy claims.

Magistrate Judge Tafoya also concluded that the doctrine of *res judicata* bars Collins's negligence and invasion of privacy claims.  Magistrate Judge Tafoya held that to the extent that Collins's common law negligence and invasion of privacy claims relate to actions that were the basis of the 2008 lawsuit *i.e.*, attempts to collect on Collins's 2005 loan, they are barred as a matter of law by *res judicata*.

**D. Claim 6:  alleged violation of the Colorado Consumer Protection Act ('CCPA"), COLO. REV. STAT. § 6-1-101,** *et seq.*

Collins alleges that BA violated COLO. REV. STAT. § 6-1-105 by making false representations when it failed to report Collins's debt as disputed.  Magistrate Judge Tafoya found that because Collins's CCPA claim is based on allegations that BA failed to report his debt as disputed, the claim fails under the prohibition found in FCRA §

1681t(b)(1)(F).  This is the same FCRA provision that preempts Collins's state law claim under the UCCC as it relates to BA's failure to report his debt as disputed.  Pursuant to § 1681t(b)(1)(F), no requirements or prohibitions may be imposed under the laws of any state with respect to subject matter related under "section 623 [15 USCS § 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . "  Because this claim arises under a state statute, Magistrate Judge Tafoya found that the FCRA preempts any claim under the CCPA.

Magistrate Judge Tafoya also concluded that the doctrine of *res judicata* bars Collins's CCPA claim to the extent that such claim relates to any attempts to collect on the 2005 loans.

**E.  Claim 8:  infliction of emotional and mental distress**

Collins alleges a claim for infliction of emotional and mental distress against BA.  In order to prevail on a claim for infliction of emotional distress, a plaintiff must prove that:  (1) the defendant's actions were extreme and outrageous; (2) the defendant's conduct was reckless or the defendant had the intent to cause the plaintiff severe emotional distress; and, (3) the plaintiff suffered severe emotional distress which was caused by the defendant's conduct. *Culpepper v. Pearl St. Bldg.*, 877 P.2d 877, 882 (Colo. 1994).  "'Outrageous conduct' is defined as conduct that is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (citations omitted).

BA's conduct cannot be characterized as extreme and outrageous.  As Magistrate Judge Tafoya noted in her Recommendation, BA reviewed Collins's debt at

least six times and confirmed that it foreclosed on Collins's house because he defaulted on the loan. Nothing in the record shows that BA intended to cause Collins severe emotional distress. Thus, Collins cannot satisfy the element of this claim.

Magistrate Judge Tafoya also found that to the extent that Collins bases this claim on BA's collection attempts regarding his 2005 loans with BA, his infliction of emotional and mental distress claim is barred by *res judicata*.

## CONCLUSION

Magistrate Judge Tafoya advised the parties that written objections were due within 14 days after service of a copy of the Recommendation. ECF No. 53, p. 26, ¶ 6. Despite this advisement, no objections were filed. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] FED. R. CIV. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I find that Magistrate Judge Tafoya's Recommendation is thorough, well-reasoned, and sound. I also find that there are no genuine issues of material fact with respect to Collins's claims against BA. I agree with Magistrate Judge

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a de novo review, FED. R. CIV. P. 72(b).

Tafoya that I should grant BA's motion for summary judgment and dismiss all claims against BA. Accordingly, it is

ORDERED that the Recommendation of Magistrate Judge Tafoya [ECF No. 53], filed on October 30, 2012, is **AFFIRMED** and **ADOPTED.** It is

FURTHER ORDERED that Bank of America's Motion for Summary Judgment [ECF No. 13] is **GRANTED,** and Michael A. Collins's claims against Bank of America are **DISMISSED WITH PREJUDICE**.

Dated: December 12, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge